# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

THOMAS FLOYD,

    Petitioner,

v.                                                      CASE NO. 5:16-cv-00101-WTH-CAS

FLORIDA DEPARTMENT OF CORRECTIONS SECRETARY,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated November 1, 2017. (ECF No. 21). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner has filed objections at ECF No. 22. I have made a de novo review based on those objections, and conclude that the Report and Recommendation should be adopted. The Court writes separately to address a claim raised in petitioner's objections.

In petitioner's objections to the Magistrate Judge's Report and Recommendation, petitioner alleges that he did not receive a copy of respondent's Response to his Amended Complaint and was therefore unable to provide a Reply.

However, petitioner has not provided evidence that he contacted the Court to inquire about the status of his case or claimed that, at minimum, he attempted to discover why he had not received respondent's Response.  Instead, petitioner waited to notify the Court that he had not received a Response until 286 days after the Response should have been filed and after the Magistrate Judge issued his Report and Recommendation.

That is, on December 20, 2016, respondent was ordered to file a Response by February 14, 2017, and petitioner was ordered to file a Reply to respondent's Response by March 16, 2017.  ECF No. 14.  A copy of the Court's order was mailed to the petitioner and there is nothing on the Court's record to suggest that the petitioner did not receive the order.  On February 13, 2017, respondents filed a Response to petitioner's Amended Complaint. ECF No. 16.  The Notice of Electronic Filing shows that the Response was mailed to petitioner.  However, petitioner's March 16, 2017, deadline passed with no Reply from the petitioner.

On November 1, 2017, 230 days after petitioner was required to reply and with no Reply or inquiry from the petitioner, the Magistrate Judge issued a Report and Recommendation that denied petitioner habeas corpus relief. ECF No. 21. The Magistrate Judge provided petitioner with fourteen days to file Objections. *Id.* at 22. In his timely-filed Objections, petitioner "object[ed] to not being served a copy

of the answer by Respondent… [and] to not being permitted an opportunity to file a Reply to the Answer, as petitioner was never served a copy of the answer." ECF No. 22 at 2.

The petitioner, like any other litigant, owes a duty of diligence in the prosecution of his case including, in particular, a duty to regularly monitor the Court's docket to keep abreast of any events of record. Petitioner fails to allege that he made even the most minimal effort of contacting the Clerk of the Court to determine whether respondent's Response had really been filed. *See King v. United States*, 2016 U.S. Dist. LEXIS 17245, 2016 WL 592798, at *8 (M.D. Fla. Feb. 11, 2016) (A prisoner has not shown reasonable diligence and therefore is not entitled to relief where the petitioner fails to show he made any attempt to contact the court to learn about the resolution of his case) (citing *San Martin v. McNeil*, 633 F.3d 1257, 1270 (11th Cir. 2011)); *see also United States v. Larry*, 2010 U.S. Dist. LEXIS 140556, 2010 WL 5651470, *3 (N.D. Fla. 2010)("With one letter or telephone call to the clerk of court or to the presiding district judge, defendant could have secured a copy of the docket sheet and immediately known that a notice of appeal had not been filed. The Court, therefore, concluded that defendant's failure to make any attempt to contact the Court evinces a lack of due diligence.")

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Clerk is directed to enter the following judgment: "The amended petition under 28 U.S.C. § 2254, ECF No. 9, is DENIED."

3. The Clerk is directed to close the file.

**DONE AND ORDERED** this *1st* day of June, 2018

_____
UNITED STATES DISTRICT JUDGE